IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMMYE BURNHAM,

    Plaintiff,                   No. CIV 09-2054 EFB

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.               <u>ORDER</u>
_____/

Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks fees based on 2.35 hours in 2009 at the rate of $172.24 per hour for attorney time, 45 hours in 2010 at the rate of $172.64 per hour, and 1.75 hours in 2011 at the rate of $172.64 per hour, for a total amount of $8,569.18. Dckt. No. 34-2. Defendant contends that (1) the amount of hours claimed is unreasonable, and (2) any EAJA fee award should be made payable to plaintiff and not to plaintiff's counsel. Dckt. No. 35.

I.    <u>Reasonableness of Fees</u>

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). An

1

EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434.

Here, defendant contends the hours expended by plaintiff's counsel are unreasonable. Specifically, defendant argues the number of hours claimed is excessive because "routine" social security cases are generally litigated in 15-30 hours and plaintiff's counsel is experienced in litigating this type of case. Dckt. No. 25 at 3. Defendant contends that plaintiff's counsel spent an "astonishing" amount of time reviewing the administrative record and preparing her summary judgment brief. *Id.*

After reviewing the docket in this case, including plaintiff's extensive briefing on the motion for summary judgment and the time expended on tasks as set forth in plaintiff's schedule of hours, the court finds that the hours claimed are reasonable. Plaintiff's counsel paid close attention in reviewing the administrative record, as evidenced by the 28 pages of summary of the medical records set forth in the opening brief. The summary portion of the plaintiff's brief was not only helpful in the court's review of relevant evidence, but was required by the scheduling order governing this case.

Furthermore, the "expertise of plaintiff's counsel does not make the hours expended unreasonable." *Patterson v. Apfel*, 99 F. Supp.2d 1212, 1213 (C.D. Cal. 2000). "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Id.* Here, the brief submitted by plaintiff's counsel was thorough and evidenced such attention to detail.

////

The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated.[1] Counsel therefore will be paid for the claimed hours of attorney time spent in the prosecution of this action.

After reviewing the record and the work undertaken by counsel, this court declines to find that the hours spent by plaintiff's counsel were unreasonable.

II.     Fees Payable to Plaintiff or Plaintiff's Counsel

Defendant further contends that any award under EAJA must be made payable to plaintiff, not to plaintiff's counsel. In *Astrue v. Ratliff*, 130 S. Ct. 2521, 2522 (2010), the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the plaintiff's counsel was successful in plaintiff's Social Security benefits suit against the United States. *Id*. Thereafter, the district court granted plaintiff's unopposed motion for fees under the EAJA. *Id*. However, before paying the fee award, the government discovered that plaintiff owed the United States a debt that predated the award, and accordingly, the government sought an offset of that owed amount. *Id*. Plaintiff's counsel intervened and argued that the fees award belonged to plaintiff's counsel, and thus was not subject to offset for the litigant's federal debts. *Id*. The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, and not the attorney. *Id*. at 2527-29.

In light of *Ratliff*, plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. However, plaintiff has assigned the right to receive the fees to her attorney, Dckt. No. 34-3, and defendant contends that

---

[1] Although defendant claims that plaintiff's counsel unreasonably billed 22.5 hours in a single day, plaintiff's counsel's declaration actually attests that she billed 11 hours on August 10, 2010, and 11.5 on August 11, 2010.

3

1  "[i]f Plaintiff does not owe a federal debt that qualifies for offset, then payment may be made in
2  the name of the attorney based on the Government's discretionary waiver of the requirements of
3  the Anti-Assignment Act, 31 U.S.C. § 3727." Dckt. No. 35 at 4.  The Court finds defendant's
4  position to be reasonable and will therefore permit payment to plaintiff's counsel provided
5  plaintiff has no government debt that requires offset.
6       Accordingly,  IT IS HEREBY ORDERED that:
7       1. Plaintiff's motion for attorney's fees, Dckt. No. 27, is granted;
8       2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $8,569.18; and
9       3. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2010 WL 2346547 (2010), any payment
10 shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not
11 owe a federal debt.  If the United States Department of the Treasury determines that plaintiff
12 does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and
13 pay fees directly to plaintiff's counsel.
14 Dated:  November 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE